IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MAYNOR MURILLO-ARGUETA,

    Plaintiff,

v.                                                CASE NO. 5:18-cv-99-RH-GRJ

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing ECF No. 1, a *pro se* Motion for Reconsideration. Plaintiff, however, failed to pay the $400 filing fee or to file a motion for leave to proceed as a pauper.

In his motion, Plaintiff requests that the Court set a hearing and resolve a pending citizenship issue under 8 U.S.C. § 1447(b). More specifically, Plaintiff alleges that his application for citizenship was approved and a certificate of citizenship was prepared for pick-up in October 2014, but he has been unable to be sworn in as a citizen. Plaintiff says he has unsuccessfully attempted to resolve this issue with the Department of Homeland Security, so he now asks the Court to "review this matter and remand to the appropriate service for disposition." ECF No.

1. The Court construed his motion as a complaint seeking the remand of his naturalization application to the U.S. Citizenship and Immigration Services. ECF No. 3.

Upon an initial screening of Plaintiff's complaint, the Court found that Plaintiff failed to state adequately that this Court has jurisdiction over his claim based on § 1447(b). The Court informed Plaintiff that the Court lacked subject matter jurisdiction because in his complaint for remand he alleges that the U.S. Citizenship and Immigration Services already adjudicated his application for naturalization by approving him for citizenship. ECF No. 3.

Because Plaintiff is proceeding *pro se*, the Court provided Plaintiff an opportunity to amend his complaint on or before May 21, 2018, to allege a claim under § 1447(b) if he can properly allege that this Court has subject matter jurisdiction over his claim. The Court further advised Plaintiff that if he wishes to proceed, he must pay the $400 filing fee or file a completed motion for leave to proceed as a pauper. Lastly, the Court warned that if Plaintiff fails to comply within the allotted time or to show cause why he is unable to comply, the Court will recommend to the district judge that this

case be dismissed for failure to prosecute and failure to comply with a Court order. ECF No. 3. Plaintiff failed to comply.

When Plaintiff failed to file an amended complaint and either to pay the filing fee or file a motion for leave to proceed as a pauper by May 21, 2018, the Court ordered Plaintiff to show cause in writing on or before June 12, 2018, as to why this cause should not be dismissed for failure to comply with an order from the Court and for failure to prosecute. Again, the Court warned that failure to respond to the Order within the allotted time will result in a recommendation to the district judge without further notice that this case be dismissed for failure to comply with an order from the Court and for failure to prosecute. ECF No. 4. Plaintiff failed to respond to the Court's order to show cause.

As of the date of this report and recommendation, Plaintiff has not complied with the Court order by failing to file an amended complaint and failing either to pay the filing fee or file a motion for leave to proceed as a pauper.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** without prejudice for failure to prosecute and failure to comply

with an order of the Court.

	**IN CHAMBERS** this 14th day of June 2018.

				*s/ Gary R. Jones*
				GARY R. JONES
				United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**